# Tab 4

## CAUSE NO. **2016-44506**

| | | |
|---|---|---|
| **ELIAS ZEITOUNI,** | § | **IN THE JUDICIAL DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **V.** | § | **133rd** **DISTRICT COURT OF** |
| | § | |
| **JEWELERS MUTUAL INSURANCE,** | § | |
| **COMPANY,** | § | |
| *Defendant.* | § | **HARRIS COUNTY, TEXAS** |

## ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, ELIAS ZEITOUNI, and files this Original Petition with Discovery complaining of Defendant JEWELERS MUTUAL INSURANCE COMPANY. For cause of actions, Plaintiffs would show the Honorable Court as follows:

### I.

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery pursuant to a level two discovery control plan.

### II.

### PARTIES

2. Plaintiff, ELIAS ZEITOUNI, is an individual residing in Houston, Harris County, Texas and may be served with process by and through his attorney, Deborah L. Crain, Deborah Crain Law, P.C., 10707 Corporate Drive, Suite 100, Stafford, Texas 77477.

3. Defendant, JEWELERS MUTUAL INSURANCE COMPANY, is a for-profit corporation engaged in the business of insurance and doing business in the State of Texas at all relevant times. Service of process may be had on this Defendant by serving its Attorney of record, W. Montgomery Briscoe, Eggleton & Briscoe, LLP, 4800 Three Allen Center, 333 Clay

Street, Houston, Texas 77002. **A citation is requested at this time.**

### III.

### JURISDICTION AND VENUE

1. Venue is proper in Harris County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002 (a) (1) in that all or a substantial part of the acts and omissions giving rise to the claims in this suit occurred in Harris County, Texas. Further, Tex. Civ. Prac. & Rem. Code §15.005 allows venue in Harris County since it is proper for Plaintiff and it is therefore proper for Defendant as the claims and actions brought herein arise out of the same transaction(s) and/or occurrence(s).

### IV.

### FACTS

2. On or about August 26, 2015, ELIAS ZEITOUNI, Plaintiff, acquired insurance number 24-516371 from Defendant, JEWELERS MUTUAL INSURANCE COMPANY, effective from August 26, 2015 to August 26, 2016. The policy of insurance covered a ladies engagement ring and two ladies wedding bands. The items were listed as 1-3 on the policy.

3. On or about December 17, 2015, the plaintiff made a change to the policy and added a pair of earrings. A "Personal Jewelry Policy Change Declaration" was issued on December 17, 2015, and listed items 1-3 as the engagement ring and wedding bands, and the earrings as item 4.

4. On or about December 30, 2016, Plaintiff ELIAS ZEITOUNI, and his family arrived at their cabin rental located at Chain-O-Lake Resort located in Cleveland, Liberty County, Texas to celebrate the New Year. Before their departure on Saturday, January 2, 2016, the resort sent the family a carousel and they had breakfast at the resort. After breakfast, Plaintiff and his wife began packing. Plaintiff's wife took a shower and they moved their belongings into the truck

and returned home about 9:00 a.m.  Plaintiff and his family arrived home in Houston in the afternoon.  As Plaintiff's wife was getting ready to go out, she could not find her JEWELERS pouch.  The last time the JEWELERS pouch was seen by Plaintiff was at the resort when she took them off before her shower. Plaintiff's wife had placed the engagement ring, wedding bands and earrings, previously referred to herein as items 1-4 above, in the pouch. Plaintiff and his wife looked in the bags and in the truck and could not find the JEWELERS pouch.  Plaintiff and his wife called the resort and at their request, looked in the dark for the pouch to no avail.  After calling the resort the next morning and the JEWELERS pouch not found, Plaintiff called the police and filed a report.

5. After filing the police report (on or about January 2, 2016), Plaintiff filed a claim with Jewelers Mutual Insurance Company. An adjuster met with Plaintiff in person and took a statement and requested from Plaintiff and his wife to take an examination under oath, to which Plaintiff complied.

6. On April 29, 2016, Plaintiff received a letter from Defendant JEWELERS MUTUAL INSURANCE COMPANY in response to his claim of loss.  The inflammatory statements included, but not limited to the following:

> During the investigation, Jewelers Mutual was made aware that information provided by you in the application for insurance you filed with Jewelers Mutual is **blatantly** and **materially false** and was **falsified** by you in order to obtain insurance coverage that Jewelers Mutual would otherwise not have provided had it know the true circumstances.

Defendant continued on to accuse the Plaintiff of submitting fraudulent information and claimed he was not honest in his pre-qualification application.  Further, the letter goes on to restate Fraud Warnings labeled within the pre-qualifying application:

Matter No. 16-487 | ORIGINAL PETITION                                            3 | Page
*Elias Zeitouni v. Jewelers Mutual Insurance Company*

> In connection with your application for insurance, you specifically acknowledged "I have read the state specific fraud warnings and understand that a fraudulent act, which is a crime, is committed when a person knowingly and with intent to defraud or mislead **(1)** files an insurance application containing false information, or **(2)** conceals information concerning any material fact." Additionally, the application contained a fraud warning which provided "Any person who knowingly conceals or provides materially false, incomplete or misleading information on an application or concerning a claim to an insurance company for the purpose and intent of defrauding the company, may be guilty of insurance fraud."

7.      However, defendant's assertions are incorrect; Plaintiff did in fact comply and **(1)** did not file an application containing false information; or, **(2)** conceal information of material fact.

8.      Plaintiff gave truthful statements to the defendant, and provided any and all information as requested.

9.      The denial of claim correspondence accuses Plaintiff of being "fraudulent" in his disclosures to JEWELERS MUTUAL INSURANCE COMPANY.  In support of the blatantly inaccurate representation by Defendant, the Plaintiff forwarded a disclosure statement that was filled out for the application.  However, Plaintiff did not fill out any kind of written disclosure form.  A customer representative <u>asked</u> (via telephone) the Plaintiff a series of questions for which he responded based on his understanding of the question.  It should be noted that English is not the first language of Plaintiff.

10.     Specifically, Plaintiff was asked if he had insurance with JEWELERS MUTUAL INSURANCE COMPANY before, to which he said no.  He then was asked about losses, leading him to believe that he was asked if he had ever submitted a claim through Defendant's company.  He thought the question was redundant since he had already told them he had not had insurance

with them before.

11. On or about March 1, 2016, Plaintiff and his wife gave a deposition to defendant pursuant to their request. Plaintiff's total transparency and honesty is outlined in his deposition, wherein he and his wife specifically point to a time in the past where their apartment was burglarized. Clearly, had he thought he was hiding something about the prior losses when he answered the disclosure questions, he would not have been so candid in his deposition. The failure of a properly trained customer service representative to ask clear questions that elicit the information Defendant needs to form the basis of the initial disclosures should not be imputed to Plaintiff.

12. Additionally, **after plaintiff filed a claim** with the defendant, he added additional items to the policy subject to this lawsuit (policy number 24-516371). In particular, he added a pendant on February 16, 2016, and he added a ladies ring and a "two bands" ladies ring on March 16, 2016, after giving the above referenced deposition. **On April 6, 2016**, after the deposition of the plaintiff and his wife (**which fully discloses the prior instances of loss**), Jewelers Mutual issued a "Personal Jewelry Policy Change Declaration". This Policy Change Declaration not only insured the new items, but showed a list of all of the insured items, **including the items that were part of the claim made on or about January 2, 2016, namely, items 1-4 on the policy declaration.** Thus, because the items set forth in the April 6, 2016 Policy Change Declaration stated that items 1-4 were insured, the denial of Jewelers Mutual to provide coverage on the claim and issue a denial letter **twenty-three days later** or on April 29, 2016, is a clear breach of contract and wrongful denial of the claim. The issues regarding prior loss that the defendant asserts were material in providing initial coverage are completely a moot point once the April 6, 2016 Personal Jewelry Policy Change Declaration was issued.

Matter No. 16-487 | ORIGINAL PETITION                                           5 | Page
*Elias Zeitouni v. Jewelers Mutual Insurance Company*

13. Based on the improper and wrongful denial of the claim, Plaintiff by and through the undersigned, requested Plaintiff pay in full the amount he is owed within ten days of May 13, 2016. However, that request was denied.

## V.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE UNFAIR SETTLEMENT PRACTICES AND PROMPT PAYMENT OF CLAIMS

*First Cause of Action*

14. JEWELERS MUTUAL INSURANCE COMPANY's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex Ins. Code §541.060(a) and Prompt Payment of Claims. All violations under this article are made actionable by Tex Ins. Code §541.151. Plaintiff has standing as a beneficiary of the insurance policy to sue under these statutory provisions. JEWELERS MUTUAL INSURANCE COMPANY's wrongful and illegal acts and omissions include but are not necessarily limited to: **(1)** Failure to conduct a reasonable inspection and investigation of Plaintiff's damages in violation of Tex Ins. Code §541.060(a)(7); **(2)** Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the policy is reasonably clear in violation of Tex Ins. Code §541.060(a)(2)(A); **(3)** Failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the denial of Plaintiff's claim in violation of Tex Ins. Code §541.060(a)(3); **(4)** Failing within a reasonable time to affirm or deny coverage to Plaintiff or submit a reservation of rights to Plaintiff in violation of Tex Ins. Code §541.060(a)(4); **(5)** Misrepresenting to Plaintiff that the damage for the theft of the JEWELERS was not covered under the Policy even though it was in violation of Tex. Ins. Code §541.060(a)(1); and, **(6)** Making an untrue statement of material fact by indicating to Plaintiff

that the damage for the theft of the JEWELERS was not covered under the Policy even though it was in violation of Tex. Ins. Code §541.061 (1).

15. JEWELERS MUTUAL INSURANCE COMPANY moreover failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. This conduct constitutes a violation of Tex. Ins. Code §542.055.

16. Additionally, JEWELERS MUTUAL INSURANCE COMPANY failed to timely notify Plaintiff in writing of its acceptance or rejection of the claim in violation of Tex. Ins. Code §542.056 and wrongfully delayed the payment of Plaintiff's claim after its receipt of all items, statements, and forms reasonably requested and required in violation of Tex. Ins. Code. §542.056.

17. Furthermore, JEWELERS MUTUAL INSURANCE COMPANY failed to meet its obligations under the Texas Insurance Code to pay Plaintiff's claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff's claim has not been paid. This conduct by JEWELERS MUTUAL INSURANCE COMPANY constitutes a violation of Tex. Ins. Code §542.058.

## VII.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING
*Second Cause of Action*

18. JEWELERS MUTUAL INSURANCE COMPANY's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to Plaintiff as a beneficiary of the insurance policy. JEWELERS MUTUAL INSURANCE COMPANY's failure, as described above, to adequately and reasonable investigate Plaintiff's claim and wrongful denial of

Plaintiff's claim despite the fact that JEWELERS MUTUAL INSURANCE COMPANY knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VIII.

### BREACH OF CONTRACT

*Third Cause of Action*

19. At all relevant times, Plaintiff and JEWELERS MUTUAL INSURANCE COMPANY had an enforceable insurance contract. Plaintiff performed his obligations under the contract by timely making all premium payments, timely filing a notice of claim, and complying with all conditions of the policy. JEWELERS MUTUAL INSURANCE COMPANY breached the contract by wrongfully denying Plaintiff's claim and wrongfully refusing to pay him the insurance benefits she is owed. These breaches, singularly and collectively, were the proximate cause of Plaintiff's damages.

20. The JEWELERS MUTUAL INSURANCE POLICY COMPANY agreement provided to Plaintiff states the following must be done in case of loss:

(1) ***Protect the Covered Property.*** "You" must take all reasonable steps to protect or recover the "covered property" at and after a loss has occurred to avoid further loss.

(2) ***Notice.*** In case of a loss, "you" must: (a) give "us" or "our" agent prompt notice including a description of the property involved ("we" may request written notice); and, (b) give notice to the police in the case of a loss from a violation of law.

(3) ***Proof of Loss.*** "You" must send "us", within 90 days after "our" request, a signed, sworn proof of loss. This must include the following information: (a) the date, time, place, and details of the loss; (b) other insurance or service agreements that may

cover the loss; (c) "your" interest and the interest of all others in the "covered property" involved in the loss, including all liens and encumbrances; (d) changes in the title of the "covered property" during the policy period; and, (e) an inventory of "your" lost and damaged "covered property". This must show in detail the quantity, description, cost, and actual cash value of the "covered property", and the amount of the loss. Copies of all bills, receipts, and related documents that substantiate the inventory must be attached.

(4) *Additional Duties.* As often as "we" may reasonably request, all "insureds" must: (a) submit to examination under oath in matters that relate to the loss or claim and sign such statement made under oath; (b) assist "us" in obtaining the attendance of other people for examination under oath (if more than one person is examined, "we" have the right to examine and receive statements separately and not in the presence of the others); (c) exhibit damaged and undamaged "covered property"; and, (d) produce all records and documents relating to value, loss, and cost of "covered property" and permit copies and extracts to be made from them.

(5) *Cooperation.* "You" must cooperate with "us" in performing all acts that are required by this policy.

(6) *Abandonment.* "You" may not abandon the "covered property" to "us" without "our" written consent.

21. When Plaintiff's wife is not wearing her insured JEWELERS made the basis of this lawsuit, the JEWELERS is placed in a box in a safe.

22. Plaintiff gave notice upon confirmation the JEWELERS was lost one (1) day after the police report was filed in compliance with the insurers notice requirement.

23. Plaintiff gave sworn proof of loss directly to the insurer detailing the date, time, place

and details of the loss in compliance with the insurers proof of loss requirement.

24. Further, Plaintiff complied with all additional duties required by insurer as follows: **(a)** Plaintiff submitted to examination under oath in matters that relate to the loss or claim and sign such statement made under oath; **(b)** Plaintiff assisted the insurer in obtaining the attendance of other people for examination under oath; **(c)** Plaintiff exhibited damaged and undamaged "covered property"; and, **(d)** Plaintiff produced all records and documents relating to value, loss, and cost of "covered property" and permit copies and extracts to be made from them.

## IX.

## KNOWLEDGE
*Fourth Cause of Action*

25. Each of JEWELERS MUTUAL INSURANCE COMPANY's wrongful acts described above, singularly and collectively, was done "knowingly" as that term is used in the Texas Insurance Code and was the producing cause of Plaintiff's damages set forth herein.

## X.

## FRAUD
*Fifth Cause of Action*

26. JEWELERS MUTUAL INSURANCE COMPANY is liable to Plaintiff for common-law fraud. Each and every one of the representations, described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as she did, and at all relevant times JEWELERS MUTUAL INSURANCE COMPANY knew the statements were false or made them recklessly without any knowledge of their truth as a positive assertion. The statements were made with the intention that they should be acted upon by Plaintiff who relied upon these statements to her detriment thereby causing Plaintiff to suffer injury and constituting common law fraud.

## XI.

## REQUEST FOR JURY TRIAL

27. Plaintiff requests a trial by jury and has paid the jury fee.

## XII.

## DAMAGES

28. For the wrongful actions of JEWELERS MUTUAL INSURANCE COMPANY Plaintiff would show that all of its aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff. Plaintiff has not been compensated for the loss of the jewelry, causing undue hardship and burden to Plaintiff. These damages are a direct result of JEWELERS MUTUAL INSURANCE COMPANY's mishandling of Plaintiff's claim in violation of the laws set out above.

29. For breach of contract by JEWELERS MUTUAL INSURANCE COMPANY Plaintiff is entitled to regain the benefit of the bargain, i.e. the amount of the claim, together with attorney's fees and expenses incurred in the prosecution of this lawsuit.

30. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices by JEWELERS MUTUAL INSURANCE COMPANY, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney fees. For knowing conduct of the acts described above, Plaintiff seeks three times the actual damages pursuant to Tex. Ins. Code §541.152.

31. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims by JEWELERS MUTUAL INSURANCE COMPANY, Plaintiff is entitled to the amount of his claim as well as eighteen percent interest (18%) per annum on the amount of such claim as

damages, together with attorney fees and expenses incurred in the prosecution of this lawsuit pursuant to Tex. Ins. Code §542.060.

32. For breach of the common law duty of good faith and fair dealing by JEWELERS MUTUAL INSURANCE COMPANY Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty such as additional costs, economic hardship, losses due to nonpayment of the amount owed by the insurer, exemplary damages, and damages for emotional distress.

33. For fraud by JEWELERS MUTUAL INSURANCE COMPANY Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney fees and expenses incurred in the prosecution of this suit, interest, and court costs.

34. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is signed to this pleading. Plaintiff therefore seeks to recover a sum for the reasonable and necessary services of Plaintiff's attorney and the reasonable and necessary expenses incurred in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

35. Plaintiff's damages exceed the Court's jurisdictional minimum. Plaintiff has suffered damages from Defendants' wrongful conduct described herein. As discussed in this Petition, Plaintiff has suffered not only easily quantifiable economic damages but also other forms of damages such as mental anguish and pain and suffering and will likely continue to suffer these damages in the future. Both the Constitution of the United States and the Constitution of the State of Texas provide Plaintiff with the inalienable fundamental right to have the case heard and decided by a jury of peers at trial. In accordance with these fundamental rights it will ultimately

be the responsibility and province of a jury of Plaintiff's peers to decide the economic value of the damages Plaintiff suffered as a result of Defendants' wrongful actions and omissions which form the basis of this lawsuit. However, as Plaintiff is required by law to state the maximum amount of damages he is seeking, Plaintiff believes that when the totality of her damages are considered, it is possible that a jury may ultimately decide that Plaintiff's damages exceed one hundred thousand dollars but do not exceed two hundred thousand dollars. Plaintiff therefore seeks damages in excess of one hundred thousand dollars but not in excess of two hundred thousand dollars, to be determined by the jury in its sole discretion.

## XII.

### REQUEST FOR DISCLOSURE

36. All Defendants requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## XII.

### CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation be issued and Defendant be served, and upon trial on the merits the Court enter judgment for Plaintiff and against Defendant for all damages sought, prejudgment interest, post-judgment interest, and court costs. Plaintiff also prays for any and all further relief to which she may show himself justly entitled.

Respectfully Submitted,

**DEBORAH CRAIN LAW, P. C.**

By: */s/ Deborah L. Crain*
    Deborah L. Crain
    State Bar No.: 24067319
    deborah@deborahcrainlaw.com
    10707 Corporate Drive, Suite 100
    Stafford, Texas 77477
    Telephone: (281) 565-5777
    Telecopier: (281) 565-6222

**ATTORNEY FOR PLAINTIFF**



**DEBORAH CRAIN LAW**

10707 Corporate Drive, Suite 100, Stafford, Texas 77477
Telephone: (281) 565-5777 | Facsimile: (281) 565-6222
Email: deborah@deborahcrainlaw.com

July 5, 2016

**VIA FACSIMILE: (713) 951-9920**          **SEVENTEEN (17) PAGES TOTAL:**
Monty Briscoe
W. Montgomery Briscoe
Eggleton & Briscoe, LLP
4800 Three Allen Center
333 Clay Street
Houston, Texas 77002

    **Re:** Cause No. 2016-44506; *Elias Zeitouni v. Jewelers Mutual Insurance Company*; In the 133rd Judicial District Court of Harris County, Texas.

Dear Counsel:

Attached you will find a courtesy copy of the Original Petition filed in Harris County on Friday, July 1, 2016 with regard to Jewelers Mutual Insurance Company Account No. 3000517442.

If you have any questions, please feel free to contact our office.


With kind regards, I am


*/s/ Deborah L. Crain*
Deborah L. Crain
Attorney at Law

DLC/svf

Attachments (2)




Matter No. 16-487        FACSIMILE SEVENTEEN (17) PAGES TOTAL

From: Shannon Frizzell   Fax: (281) 565-5777   To:   Fax: +1 (713) 9519920   Page 2 of 17 07/05/2016 12:07 PM

Case 4:16-cv-02217   Document 1-4   Filed in TXSD on 07/26/16   Page 17 of 20   7/1/2016 2:45:22 PM
Chris Daniel - District Clerk Harris County
Envelope No. 11448806
By: Monica Ovalle
Filed: 7/1/2016 2:45:22 PM

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: __2016-44506__     COURT *(FOR CLERK USE ONLY)*: __133rd__

STYLED _____
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

**Name:** Deborah L. Crain
**Email:** deborah@deborahcrainlaw.com
**Address:** 10707 Corporate Drive, Suite 100
**Telephone:** (281) 565-5777
**City/State/Zip:** Stafford, TX 77477
**Fax:** (281) 565-6222
**Signature:** /s/ Deborah L. Crain
**State Bar No:** 24067319

**Names of parties in case:**

Plaintiff(s)/Petitioner(s):
ELIAS ZEITOUNI

Defendant(s)/Respondent(s):
JEWELERS MUTUAL INSURANCE COMPANY

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**
☒ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other: _____

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

**Contract — Debt/Contract**
- ☐ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract:

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☒ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation

*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability:

- ☐ Motor Vehicle Accident
- ☐ Premises

*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product:

- ☐ Other Injury or Damage:

**Real Property**
- ☐ Eminent Domain/Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus—Pre-indictment
- ☐ Other:

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

### Family Law

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void

*Divorce*
- ☐ With Children
- ☐ No Children

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Paternity/Parentage
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

### Tax
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings

- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:
- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:

- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [x] Over $100,000 but not more than $200,000
- [ ] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000

Rev 2/13

7/21/2016 1:59:12 PM
Chris Daniel - District Clerk Harris County
Envelope No. 11757066
By: EVELYN PALMER
Filed: 7/21/2016 1:59:12 PM

CAUSE NO. 2016-44506

| | | |
|---|---|---|
| ELIAS ZEITOUNI | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| JEWELERS MUTUAL INSURANCE | § | |
| COMPANY | § | 133RD JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JEWELERS MUTUAL INSURANCE COMPANY, Defendant in the above-entitled and numbered cause, and files this, its Original Answer to Plaintiff's Original Petition, and as grounds therefore would respectfully show the Court as follows:

### I.
### General Denial

1. Subject to such stipulations and/or admissions that may hereinafter be made, JEWELERS MUTUAL INSURANCE COMPANY enters this general denial pursuant to Rule 92 of the Texas Rules of Civil Procedure, thereby denying every allegation contained in Plaintiff's Original Petition and demanding strict proof thereof as required by laws of the State of Texas.

### II.
### Right to Amend

2. JEWELERS MUTUAL INSURANCE COMPANY reserves the right to amend its answer and defenses herein as such become available.

WHEREFORE, PREMISES CONSIDERED, Defendant, JEWELERS MUTUAL INSURANCE COMPANY, moves that the relief prayed for in Plaintiff's Original Petition in the above-styled and numbered cause be denied, that Plaintiff take nothing herein, and that

Defendant go hence without delay, with recovery of its costs and attorneys' fees, and with such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

                                          Respectfully submitted,

                                          **EGGLESTON & BRISCOE, LLP**
                                          4800 Three Allen Center
                                          333 Clay Street
                                          Houston, Texas 77002
                                          (713) 659-5100 – Telephone
                                          (713) 951-9920 – Facsimile

                                          By:   */s/ W. Montgomery Briscoe*
                                                 W. Montgomery Briscoe
                                               State Bar No. 03014500
                                             wmb@egglestonbriscoe.com

                                          ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing was served in accordance with the TEXAS RULES OF CIVIL PROCEDURE on this the 21st day of July, 2016, to:

Deborah L. Crain
**DEBORAH CRAIN LAW, P.C.**
10707 Corporate Drive, Suite 100
Stafford, Texas 77477
*Facsimile: (281) 565-6222*

                                          By:   */s/ W. Montgomery Briscoe*
                                                 W. Montgomery Briscoe